**Julius J. NASH, Plaintiff,**

v.

**B. THIELKE, et al., Defendants.**

**No. 88–C–1301.**

United States District Court,
E.D. Wisconsin.

July 11, 1990.

Julius J. Nash, Green Bay, Wis., pro se.

Richard Perkins, Asst. Atty. Gen., Madison, Wis., for defendants.

DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, an inmate at the Green Bay Correctional Institution, alleges that various correctional officers beat him. This case was referred to the magistrate for all pretrial proceedings. 28 U.S.C. § 636(b)(1)(A). On May 24, 1990, Magistrate Robert L. Bittner issued an order resolving the discovery disputes between the parties in the instant case. The plaintiff has lodged objections to the magistrate's order seeking this court's reconsideration of the issues; the plaintiff's objections will be overruled, with one exception.

Pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." In the case at bar, the plaintiff has set forth various objections to the magistrate's disposition on the discovery issues. The court has reviewed each of the contentions presented by the plaintiff, and the court is satisfied that, with one exception, the magistrate's order is not clearly erroneous or contrary to law.

Allegedly, defendant Officer Thielke was injured during the incident with the plaintiff. The plaintiff moved to compel the production of a medical report regarding the officer's receipt of medical treatment after the alleged altercation. The plaintiff also sought a copy of the officer's urine report taken on the day of the incident. The magistrate's order denied both requests on the ground that the plaintiff failed to establish the relevance of the reports. The plaintiff maintains that he needs both reports effectively to prepare for cross-examination. Rule 401, Federal Rules of Evidence.

The court is persuaded that both reports may be relevant or may lead to the discovery of other relevant information. A review of the record indicates that Officer

Thielke claims that the incident occurred after the plaintiff initiated contact between the two by grabbing Officer Thielke from behind. The issue of Officer Thielke's injuries appears relevant. Officer Thielke's sobriety, as reflected in his urine report, is also relevant.

Therefore, IT IS ORDERED that the magistrate's order be and hereby is affirmed, in part.

IT IS ALSO ORDERED that the plaintiff's motion to compel the production of Officer Thielke's medical report and urine report be and hereby is granted.